IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES LITTLE MCQUEEN, III, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:95-CR-00003 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 1651 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

**RECOMMENDATION**

Before the Court is a Motion for Writ of Error Coram Nobis Under 28 U.S.C. § 1651 filed by Petitioner John Wesley Parham on behalf of a co-defendant, Charles Little McQueen, III. Doc. 136. Mr. Parham has also filed a Motion to Adopt Co-Defendant's Argument and Memorandum of Law in Support of Supplemented Motion to Vacate Under 28 U.S.C. § 2255, in which Mr. Parham seeks to incorporate arguments from his own Section 2255 petition into his petition on behalf of Mr. McQueen. Doc. 138. Because Mr. Parham lacks standing to bring these motions on Mr. McQueen's behalf, **IT IS RECOMMEDED** that both motions be **DENIED**.

Mr. Parham does not have standing to challenge the conviction of Petitioner McQueen. To satisfy the standing requirement of Article III of the United States Constitution, a litigant must establish a case or controversy by clearly demonstrating that he has suffered an "injury in fact." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975). To demonstrate an injury in fact, the litigant must allege an injury to himself that is "distinct and palpable." Id. In this case, Mr. Parham has not alleged any injury as a result of Petitioner McQueen's conviction that is distinct from the injury that Mr. Parham suffered as a result of his own conviction. In fact, Mr. Parham's allegations are the exact allegations that he

1

has raised in his ongoing challenge to how own conviction. Mr. Parham lacks standing under Article III to bring these motions.

Mr. Parham has also failed to satisfy the requirements of "next friend" standing. Next friend standing has an accepted basis for jurisdiction in certain circumstances. Id. at 163. Most frequently, next friend standing is used by a litigant to appear on the behalf of a detained prisoner who is unable to appear before a court. Id. To establish next friend standing, the litigant must first provide an adequate explanation, such as inaccessibility, mental incompetence, or another disability, as to why the real party in interest cannot appear on his own behalf. Id. The litigant must also show that he is "truly dedicated to the best interest of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." Id. The litigant seeking next friend status has the burden of establishing "the propriety of his status and thereby invoking jurisdiction of the court." Id. at 164.

In this case, Mr. Parham has failed to satisfy either requirement of next party standing. Mr. Parham simply included the following sentence underneath his signature: "This motion is signed by the movant's co-defendant, because movant lacks the knowledge to prosecute a defense in his own behalf and his co-defendant is the person litigating this action." Doc. 136. Mr. Parham's statement is insufficient to invoke standing on Petitioner McQueen's behalf. There are no allegations that Petitioner McQueen is mentally incompetent or that he is unable to access the courts. Further, there are no allegations that Mr. Parham has the best interests of Petitioner McQueen in mind, or that Mr. Parham has a significant relationship with Petitioner McQueen. Because Mr. Parham fails to meet the required elements and lacks standing under Article II to pursue this litigation, the Court must dismiss this motion for lack of jurisdiction.

## **CONCLUSION**

For the above reasons, **IT IS RECOMMNEDED** that Petitioner's Motion for Writ of Error Coram Nobis (Doc. 136) and Motion to Adopt Co-Defendant's Argument (Doc. 138) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 25th day of April, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge